NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JUAN ANGEL VILLA, *Appellant*.

No. 1 CA-CR 24-0174
FILED 01-14-2025

---

Appeal from the Superior Court in Maricopa County
No. CR2022-146838-001
The Honorable Timothy J. Thomason, Judge *Retired*
The Honorable Joseph C. Kreamer, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Law Office of Kyle T. Green P.L.L.C., Mesa
By Kyle Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**C A T T A N I**, Judge:

¶1        Juan Angel Villa appeals his convictions and sentences for possession of a dangerous drug (methamphetamine) and first-degree criminal trespass.  Villa's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that, after a diligent search of the record, he found no arguable question of law that was not frivolous.  Villa was given the opportunity to file a supplemental brief but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Phoenix Police officers encountered Villa in the fenced yard of a residential property near downtown Phoenix.  According to the property's owner, no one had permission to enter the property.  Villa was arrested on an unrelated matter, and officers found a small baggie containing a white, crystalline substance tucked into an open cigarette pack in his pocket.  Later testing determined that the substance was approximately 125 mg of methamphetamine.

¶3        Villa was charged with possession of a dangerous drug (methamphetamine), a class 4 felony, *see* A.R.S. § 13-3407(A)(1), (B)(1), and first-degree criminal trespass, a class 1 misdemeanor, *see* A.R.S. § 13-1504(A)(2), (B).  The State further alleged that Villa had multiple historical prior felony convictions and that he had committed the charged offenses while released on bond on a separate felony offense.  *See* A.R.S. §§ 13-105(22)(c), -703(C), (J), -708(D).

¶4        Villa testified at trial.  He denied any knowledge of the methamphetamine and stated that he was allowed on the property because his parent owned it (although he also confirmed that law enforcement officers had advised him previously that his family no longer owned the

2

house). Villa acknowledged having multiple prior felony convictions, including those the State had alleged for sentence enhancement.

¶5 The jury found Villa guilty as charged, and the superior court sentenced him as a category 3 repetitive offender to concurrent terms of incarceration, the greater of which is a mitigated term of 8 years' imprisonment (including two years flat time) for the drug offense, with credit for 338 days of presentence incarceration. *See* A.R.S. §§ 13-703(J), -708(D). The court imposed required fees and assessments, including a mandatory $1,000 fine (plus surcharge) for the drug offense. *See* A.R.S. § 13-3407(H).

¶6 Villa was granted leave to file a delayed appeal, and he filed his notice of appeal within the required timeframe. We have jurisdiction under A.R.S. § 13-4033(A).

## DISCUSSION

¶7 We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300; *see also State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). We find none.

¶8 Villa was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Villa all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdicts. Villa's sentences fall within the ranges prescribed by law, with sufficient credit given for presentence incarceration. Accordingly, we affirm Villa's convictions and sentences.

¶9 Upon the filing of this decision, defense counsel shall inform Villa of the status of the appeal and of his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Counsel has no further obligations unless, upon review, he finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See id.* Villa shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

**CONCLUSION**

¶10        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:        JR